UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DARIN D. STASIAK,

                              Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,[1]

                              Defendant.

_____

**DECISION AND ORDER**

1:17-cv-00437-JJM

        Before the court is plaintiff's motion [25][2] for attorneys' fees in the amount of $29,679.59 pursuant to 42 U.S.C. §406(b).   Defendant filed a response on June 18, 2020 [30], and raised no objections to the timeliness of plaintiff's fee request, but deferred to the court as to the reasonableness of the requested fee.  Plaintiff filed a reply on June 25, 2020. [31].  For the reasons discussed below, the plaintiff's motion is granted.

## BACKGROUND

        Plaintiff commenced this action on May 18, 2017, arguing that the Commissioner's denial of his claim for benefits was not supported by substantial evidence and was contrary to law.  Complaint [1].  On November 20, 2017, plaintiff  moved for judgment on the pleadings [11].  On November 15, 2018, I granted plaintiff's motion for judgment on the pleadings and remanded the case to the Commissioner for further proceedings consistent with my Decision and Order [19].  On July 22, 2019, the court approved [24] the parties' stipulation

_____

[1]     Andrew M. Saul was sworn in as Commissioner of Social Security on June 17, 2019, and is automatically substituted as the defendant in this action. *See* Fed. R. Civ. P. ("Rule") 25(d).
[2]     Bracketed references are to CM/ECF docket entries.

[23] for attorneys' fees in the amount of $6,300.81 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412.

On October 7, 2019, an Administrative Law Judge ("ALJ") issued a decision finding plaintiff disabled since April 21, 2013 and approving plaintiff's claims for Social Security Disability ("SSD") and Supplemental Security Income ("SSI") benefits.  *See* Notice of Decision and Decision[25-4].  The fee arrangement between plaintiff and her attorneys is governed by their Fee Agreement.  *See* [25-8].  Pursuant to the Fee Agreement, "the attorney fee will be ¼ (25 percent) of the past due benefits resulting from my claim", which includes "the total amount of money to which I and any auxiliary beneficiary (ies) (i.e. family members) become entitled".  [25-8].

The Social Security Administration ("SSA") issued a Notice of Award concerning plaintiff's claim for SSD on April 25, 2020.  [25-5].  The SSA withheld from the past-due benefits owed to plaintiff potential attorneys' fees in the total amount of $23,088.75.  [25-5], p. 3.  The SSA issued a second and third Notice of Award concerning benefits owed to plaintiff's children on May 4, 2020.  [25-6, 25-7].  The SSA withheld from the past-due children's benefits potential attorneys' fees in the total amounts of $1,662.35 and $4,337.65, respectively. [25-6], p. 2; [25-7], p. 2.  The total amount the SSA withheld from past due benefits totaled $29,088.75.[3] Thereafter, the SSA issued Important Information letters on June 17, 2020 stating that they should have withheld $2,126.50 and $5,548.75, respectively, from the past due children's benefits and alerting plaintiff that he may be responsible to pay his attorneys any additional amount awarded in excess of the withheld amounts.  [30], pp. 9 of 15, 13 of 15 (CM/ECF pagination).  Accordingly, the amount that should have been withheld from plaintiff's past due

---

[3]        $23,088.75 + $1,662.35 + $4,337.65 = $29,088.75.

benefits is $30,764.00.  Plaintiff's attorney requests an award of attorney fees in the amount of

$29,679.59.[4]  *See* Notice of Motion [25] and Memorandum in Support [25-1], pp. 2, 9; Hiller

Declaration [25-2], p. 3.  Plaintiff's attorney agrees, upon receipt of payment of the fee, to refund

to plaintiff the $6,300.81 received in fees pursuant to the EAJA.  Notice of Motion [25].

      The Commissioner agrees that this motion was timely filed.  Defendant's

Response [30], pp. 2-3.  However, the Commissioner defers to the court to determine the

reasonableness of the requested fee.  Id., p. 3 ("[i]t is for the Court to determine whether the

amount of the fee requested under section 406(b) is reasonable and should be awarded").  Lastly,

the Commissioner recognizes that "there is no evidence of fraud or overreaching."  Id., p. 6.

## ANALYSIS

      42 U.S.C. §406(b) limits the fees that attorneys are permitted to charge SSD and

SSI claimants:

> Whenever a court renders a judgment favorable to a claimant under
> this subchapter who was represented before the court by an attorney,
> the court may determine and allow as part of its judgment a
> reasonable fee for such representation, not in excess of 25 percent
> of the total of past-due benefits to which the claimant is entitled by
> reason of such judgment, and the Commissioner of Social Security
> may . . . certify the amount of such fee for payment to such attorney
> out of, and not in addition to, the amount of such past-due benefits.
> In case of any such judgment, no other fee may be payable or
> certified for payment for such representation except as provided in
> this paragraph.

42 U.S.C.§406(b)(1)(A).  In reviewing a motion for attorneys' fees pursuant to §406(b), this

court reviews both the timeliness of the motion and the reasonableness of the fee.  *See, e.g.,*

---

[4] Plaintiff calculated that the total amount of past due benefits was $118,718.35 and requested a fee of
25% of this amount:  $29,679.59.  Hiller Declaration [25-2], pp. 2-3.  However, the court notes that this
appears to be an error, as the total amount of past due benefits reflected in the notices of award is
$123,056.00 ($92,355 + $8,506 + $22,195 = $123,056).

Barone v. Saul, 2019 WL 3296616, *1 (W.D.N.Y. 2019); Walkowiak v. Commissioner of Social
Security, 2019 WL 6242549, *1-2 (W.D.N.Y. 2019); Dillon v. Saul, 2020 WL 360966, *1
(W.D.N.Y. 2020); Plum v. Commissioner of Social Security, 2020 WL 1846785, *2-3
(W.D.N.Y. 2020).  I address each here in turn.

**A.      Did Plaintiff Timely File Her Motion for Fees?**

    The Second Circuit settled the question of the timeliness of an application for
§406(b) fees in Sinkler v. Berryhill, 932 F.3d 83 (2d Cir. 2019).  There, the Second Circuit found
that the fourteen-day limitations period of Rule 54(d)(2)(B) applies to such motions, but is
subject to equitable tolling "until a benefits calculation is made on remand and notice thereof
received by the parties."  Id. at 89. Accordingly, motions for benefits made within seventeen
days (fourteen days under Rule 54(d)(2)(B), plus three days for mailing)[5] of receipt of a Notice
of Award for benefits are timely.

    Here, plaintiff's counsel filed their motion for fees on May 9, 2020 (*see* Notice of
Motion [25], only fourteen days after the SSA issued the April 25, 2020 Notice of Award ([25-
5]) and four days after the SSA issued the May 4, 2020 Notices of Award ([25-6, 25-7).
Accordingly, plaintiff's counsel timely filed their motion pursuant to Sinkler.

**B.      Is Plaintiff's Fee Request Reasonable?**

    Here, the Fee Agreement between plaintiff and her attorneys provides for a fee of
"1/4 (25 percent) of the past due benefits resulting from my claim".  Fee Agreement [25-8].  The
Fee Agreement defines past due benefits to include "the total amount of money to which I and
any auxiliary beneficiary (ies) (i.e. family members) become entitled".  Id. The 25 percent fee is

---

[5] *See* Sinkler, 932 F.3d at 89, n. 5 ("[n]othing in this opinion departs from the law's presumption that a
party receives communications three days after mailing").

within the cap provided by §406(b).  Moreover, plaintiff's attorney seeks an amount less than 25 percent of the total past due benefits awarded to the plaintiff and his children.  *See* Defendant's Response [30], p. 4.

       That is not the end of the inquiry, however.  Section 406(b) "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. . . . Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered."  Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002).  To determine the reasonableness of a contingent fee, the Supreme Court identified several factors that a court may consider.  First, courts may consider "the character of the representation and the results the representative achieved."  Id.  Second, a downward adjustment of the requested fee may be appropriate if the attorney was responsible for a delay that resulted in an accumulation of additional benefits during pendency of the case.  Id.  Third, the court's review of an attorneys' records of time spent on the matter may  assist the court to determine whether the requested fee is a windfall to the attorney.  Id.  In addition, the Second Circuit states that courts in this district should also consider "whether there has been fraud or overreaching in making the agreement".  Wells v. Sullivan, 907 F.2d 367, 372 (2d Cir. 1990).

       Here, plaintiff received competent and experienced representation.  Plaintiff's attorneys of record, Kenneth Hiller and Mary Ellen Gill, have been practicing law since 1984 and 2007, respectively.  Hiller Declaration [25-2], p. 1; Gill Declaration [25-3], p. 1.  Mr. Hiller has focused his career on social security matters since 1988.  Hiller Declaration [25-2], pp. 1-2.  Ms. Gill has focused on social security matters since 2017.  Gill Declaration [25-3], p. 2.  Prior to that time, her work history included a clerkship with the Honorable Michael A. Telesca,

during which she assisted in reviewing and drafting decisions and orders on social security appeals before the court. Id., p. 1. Ms. Gill's and Mr. Hiller's work on this matter yielded an award of past due benefits of $123,056.00. *See* Hiller Declaration [25-2], pp. 2-3; *see also* footnote 3, supra.

Second, there was no delay in resolution of this matter attributable to plaintiff's attorneys. They filed plaintiff's motion for judgment on the pleadings within the time ordered by the Court. *See* Text Order [10] (directing plaintiff to file his motion by November 20, 2017) and Motion for Judgment on the Pleadings [11] (filed November 20, 2017). Moreover, plaintiff's attorneys submitted this application for fees within two weeks of the date of the SSA's first Notice of Award.

Third, compared to the number of hours spent working on this matter, the fee requested by plaintiff's attorney is not a windfall. Time records submitted with counsel's motion indicate a total of 32.7 hours of attorney time was spent on plaintiff's matter: 4 hours by Mr. Hiller and 28.7 hours by Ms. Gill. *See* Hiller Declaration [25-2], p. 3. The total fee requested results in an effective hourly rate of $907.63.[6] Memorandum in Support [25-1], p. 6. This hourly rate is higher than Ms. Gill's $300 hourly rate, and Mr. Hiller's $350 hourly rate charged for non-contingent matters. Gill Declaration [25-3], p. 2; Hiller Declaration [25-2], p. 3. However, this does not make the requested fee unreasonable. "[E]nhancements for the risk of nonpayment are appropriate considerations in determining §406(b) fees. . . . In the absence of a fixed-fee agreement, payment for an attorney in a social security case is inevitably uncertain, and any reasonable fee award must take account of that risk." Wells, 907 F.2d at 370-71; *see also* Memorandum in Support [25-1], pp. 5-6.

---

[6]     The effective hourly rate was calculated by dividing the requested fee ($29,679.59) ([25]) by the total number of hours (32.7) documented in plaintiff's fee application ([25-2], p. 3).

Moreover, after reviewing the fee request and supporting documentation, I find that the requested fee is reasonable based on counsel's experience, the nature of the representation provided, the contingent nature of the fee, and the favorable results achieved. *See* Gisbrecht, 535 U.S. at 807.  Courts in this district have found similar fees appropriate where, as here, counsel achieved a favorable result after submitting briefs on the merits, and expended a reasonable amount of time in doing so. *See e.g.* McDonald v. Commissioner of Social Security, 2019 WL 1375084, *3 (W.D.N.Y. 2019) (approving a *de facto* hourly rate of $1,051.64, where "Plaintiff's attorney filed a persuasive brief that led to an award of benefits, and the hours he expended in doing so were appropriate"); Campana v. Saul, 2020 WL 3957960, *2, n. 1 (W.D.N.Y. 2020) ("[w]hile the fee here constitutes an hourly rate of $1,000 . . . very high by Western New York standards - the precedent cited in counsel's fee application and the incentive necessary for counsel to take contingency-fee cases weigh in favor of approving the fee here"); Sims v. Commissioner of Social Security, 2020 WL 812923, *2 (W.D.N.Y. 2020) (approving a *de facto* hourly rate of $980.87, where "counsel developed meritorious, non-boilerplate arguments on the claimant's behalf");  Salone v. Commissioner of Social Security, 2020 WL 1677374, *2 (W.D.N.Y. 2020) (approving a *de facto* hourly rate of $956.25).

Lastly, as conceded by the Commissioner, there is no evidence of fraud or overreaching.

## CONCLUSION

For these reasons, plaintiff's motion for fees in the amount of $29,679.59 pursuant to 42 U.S.C. §406(b) is granted.  The Commissioner is directed to release the $29,088.75 it withheld from the past due benefits owed in this case, leaving $590.84 payable to plaintiff's attorneys by the plaintiff from the past due children's benefits.  In addition, Mr. Hiller

and Ms. Gill are directed to return to plaintiff $5,709.97[7] of the EAJA fees they were awarded within 14 days of their receipt of the $29,088.75 portion of the 406(b) fees from the SSA. Further, Mr. Hiller and Ms. Gill are directed to return to plaintiff the $590.84 of the EAJA fee within 14 days of their receipt of this amount from plaintiff.

**SO ORDERED.**

Dated: September 14, 2020

   /s/    Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge

---

[7]      Plaintiff's attorneys received $6,300.81 in attorneys' fees pursuant to the EAJA.  $6,300.81 – $590.84 = $5,709.97.